UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

RICOR RACING AND DEVELOPMENT, LLP,

        Plaintiff,

   v.

SPECIALIZED BICYCLE COMPONENTS, INC.,

        Defendant.

NO. CIV. S-07-0033 FCD DAD

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant Specialized Bicycle Components, Inc.'s ("defendant") motion to dismiss plaintiff Ricor Racing and Development, LLP's ("plaintiff") first amended complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1) or, alternatively, 12(b)(6).[1] In said complaint, plaintiff alleges claims against defendant for declaratory relief, pursuant to the federal Declaratory Judgment Act (28 U.S.C. § 2201), and for breach of contract, fraud and

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. L.R. 78-230(h).

1

negligent misrepresentation, pursuant to state law.  (First Am. Compl., filed Jan. 12, 2007.)

Defendant filed its motion to dismiss on January 29, 2007, setting the matter for hearing on March 2, 2007.  However, plaintiff did not respond to the motion.  The court therefore continued the motion to March 16, 2007 and issued an order to show re: sanctions ("OSC") for plaintiff's failure to respond, directing that plaintiff respond to the OSC and file an opposition or statement of non-opposition to the motion on or before March 2, 2007.

Again, plaintiff did not respond.  As such, the court construes plaintiff's failure to respond as a non-opposition to the motion (E.D. Cal. L.R. 78-230(c)) and accordingly, GRANTS defendant's motion to dismiss.  Said motion is properly granted under Federal Rule of Civil Procedure 12(b)(1) as the court lacks subject matter jurisdiction over the instant action.  The parties hereto are not diverse, and there is no federal question pled in the complaint.[2]

As to the OSC, the court HEREBY imposes sanctions against plaintiff's counsel in the amount of $150.00 for his failure to respond to the OSC.  Payment should be in the form of a check

---

[2] The Declaratory Judgment Act creates a federal *remedy*; it is not an independent basis for federal jurisdiction.  Before declaratory relief can be granted, federal subject matter jurisdiction requirements must be satisfied.  <u>Skelly Oil Co. v. Phillips Petroleum Co.</u>, 339 U.S. 667, 671 (1950).  Here, while plaintiff asks that the court declare defendant's patents "invalid," plaintiff does not allege a claim for patent infringement against defendant nor does it appear that plaintiff could.  Plaintiff's state law claims for breach of contract, fraud and negligent misrepresentation do not provide a basis for federal question jurisdiction.

made payable to the Clerk of the Court.  The sum is to be paid personally[3] by plaintiff's counsel not later than ten days from the filing of this order.  The hearing on the OSC is vacated.

The Clerk of the Court is directed to close this file.

IT IS SO ORDERED.

DATED: March 8, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[3] This sanction is personal to the attorney, is to be borne by plaintiff's counsel personally, and is not to be transmitted to the client by way of a charge of attorney's fees and/or costs.